IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAOUD BOONE, #276751, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:15-cv-556-ECM |
| | ) | (WO) |
| CHERYL PRICE, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Petitioner Daoud Boone's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction for capital murder. (Doc. 1). In his petition, Boone raises claims of ineffective assistance of counsel (doc. 2 at 23, 32, 37, and 43-44), as well as a claim that the prosecutor improperly commented on his post-arrest silence. (*Id*. at 2-3). The Magistrate Judge entered a Recommendation that the petition be denied. (Doc. 27). The Petitioner timely filed objections. (Docs. 30-31).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S.*

*by Ernest S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507, 513 (11th Cir. 1990).  "[A] party that wishes to preserve[his] objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz,* 565 F.3d 1353, 1360 (11th Cir. 2009) (alteration added).

Following an independent evaluation and *de novo* review of the record in this case, the Court finds the objections to be without merit and are due to be overruled.

## DISCUSSION

On  November 23, 2010,  a  Montgomery  County, Alabama jury  found  Daoud Boone ("Boone" or "the Petitioner") guilty of capital murder, in violation of Ala. Code § 13A-5-40(a)(7).  The trial court sentenced Boone to life imprisonment without parole.

In his habeas petition, Boone makes the following claims: the prosecutor improperly commented on his post-*Miranda* silence after he was arrested; trial counsel was ineffective for failing to present alibi witnesses, including failing to allow him to testify; trial and appellate counsel were ineffective for failing to adequately research and argue that he could not be impeached with his 2009 felony drug conviction if he chose to testify, causing Boone to not to testify;  trial counsel rendered ineffective assistance by failing to object to the trial court's jury instruction amending the indictment, and failing to argue the capital murder statute under which Boone was convicted was unconstitutionally vague.  Boone also claims that appellate counsel rendered ineffective assistance for failing to argue that the trial court erroneously permitted unreliable witness identification testimony.  (Doc. 27 at 13) (citing

Docs. 1 & 2 at 3-53).  The Magistrate Judge recommended that the petition for writ of habeas corpus be denied and recommended dismissal of Boone's petition. (Doc. 27 at 43).

Although Boone raises numerous grounds for relief in his petition and a variety of objections[1] to the Recommendation of the Magistrate Judge, his objections focus on whether the evidence was sufficient to convict him and whether his trial counsel was ineffective for failing to call alibi witnesses, including Boone, to testify at trial.[2]

Boone's habeas petition is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which "establishes a highly deferential standard for reviewing state court judgments." *Al-Amin v. Warden Ga. Dep't of Corrs.*, 932 F.3d 1291, 1298 (11th Cir. 2019).  To prevail on a § 2254 claim adjudicated on the merits by the state courts, Boone must demonstrate that the decisions by the Alabama courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court of the United States, or was "based on an unreasonable determination of the facts in light of the evidence presented in state court."

---

[1] Boone details in length his objections to the Magistrate Judge's characterization of the trial evidence.  For example, Boone objects to the Magistrate Judge's characterization of Igor's, the scene of the shooting, as a nightclub.  Igor's was described as a nightclub both at trial and in the Court of Criminal Appeals' decision.  Despite Boone's objections, the terminology used in the Recommendation was in no way misleading, and Boone does not assert that he was prejudiced by the Magistrate Judge's recounting of the evidence.

Boone also extensively attacks the evidence presented at trial, attempts to impeach trial witnesses and challenges the sufficiency of the evidence presented against him at trial. (Doc. 30 at 2–23).  Although Boone argues that these factual determinations were contrary to or an unreasonable determination of the facts, he does not point to any legal error committed by the Magistrate Judge.

Thus, these objections do not merit further discussion and are due to be overruled.

[2] The Court addresses Boone's objection that his counsel prevented him from testifying in the context of his ineffective assistance of counsel claim.

3

*Dunn v. Madison,* 138 S. Ct. 9, 11 (2017) (internal quotations omitted) (citing 28 U.S.C. § 2254(d)).  "A habeas petitioner meets this demanding standard only when he shows that the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)).

A state court's decision involves an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle in a new context in a way that is objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 407 (2000).  Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Wood v. Allen*, 558 U.S. 290, 293 (2010) (quoting 28 U.S.C. § 2254(e)(1)).  However, even when the state court addresses a question of law, this Court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)."  *Price v. Vincent*, 538 U.S. 634, 639 (2003).

> Under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010). Instead, AEDPA requires that we accord the state court

substantial deference. "If reasonable minds reviewing the record might disagree about the finding in question," we must yield to the state court's factual determination. *Brumfield v. Cain*, ––– U.S. –––, 135 S.Ct. 2269, 2277, 192 L.Ed.2d 356 (2015) (quotation marks omitted and alteration adopted). "AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (quoting 28 U.S.C. § 2254(e)(1)). "Clear and convincing evidence is a 'demanding but not insatiable' standard, requiring proof that a claim is highly probable." *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1258 (11th Cir.2013) (quoting *Ward v. Hall,* 592 F.3d 1144, 1177 (11th Cir.2010)). "[H]ighly probable" is a standard that requires "more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *Ward*, 592 F.3d at 1177 (quotation marks omitted).

*Nejad v. Attorney Gen., State of Ga.*, 830 F.3d 1280, 1289 (11th Cir. 2016)

It is within these parameters that the Court turns to Boone's objections.

A.  *Doyle Claim*

Boone first objects that the Magistrate Judge erred in his resolution of his *Doyle*[3] claim.  In *Doyle*, the Supreme Court held that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619.  Boone reiterates the claims made in his petition but offers nothing other than his own conclusory assertions that the Court of Criminal Appeals decision was contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in

---

[3]  *See Doyle v. Ohio*, 426 U.S. 610 (1976).

light of the evidence presented in state court.  As discussed in the Recommendation, the Court of Criminal Appeals held that "no violation of the *Doyle* rule occurred, and, thus, the trial court did not err in denying Boone's motion for a mistrial." (Doc. 27 at 22).  The Petitioner does not point to any legal error committed by the Magistrate Judge, and the well-reasoned Recommendation of the Magistrate Judge effectively addresses this claim.  Thus, Boone's objections related to his *Doyle* claim are due to be overruled.

### B.  Ineffective Assistance of Counsel Claims

The Court now turns to Boone's claims of ineffective assistance of counsel.  Boone must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, Boone must establish that his attorneys' performances "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*.  Once this threshold test is met, Boone must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687.  To establish prejudice, Boone is required to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  With regard to the two-prong test itself, the *Strickland* Court determined  that a court should not treat the test as a mechanical set of rules. Therefore,

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of

> an ineffectiveness claim on the ground of lack of sufficient
> prejudice . . . . that course should be followed.

*Id.* at 697.

There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation."  *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

Before addressing his substantive ineffective assistance of counsel claims, the Court turns to Boone's objection that his counsel denied him his right to testify at trial.  According to Boone, part of his ineffective assistance of counsel claim about his alibi witnesses also included a claim that his trial counsel denied him his right to testify in his own defense and that the Recommendation failed to address this claim.  Throughout his objections, Boone asserts that he was prohibited by his attorney from testifying. However, in his petition and in the state courts, Boone repeatedly asserted that his trial counsel was ineffective for failing to present a successful argument that his 2009 felony drug conviction was inadmissible as impeachment.[4]  The crux of Boone's ineffective assistance claim was that

---

[4] Even if the Court assumes that trial counsel prevented Boone from testifying, and that constitutes deficient performance, Boone cannot demonstrate prejudice. *See Nejad*, 830 F.3d at 1290–95.  It is undisputed that Boone's testimony from his first trial was read to the jury.  (Doc. 11-17 at 82–116).  Thereafter, the jury convicted Boone.  Boone has failed to demonstrate that there was a reasonable probability that the outcome of his trial would have been different if he had testified.  He is entitled to no relief on this basis.

the trial court's ruling on the admissibility of his prior conviction led to the decision not to testify on his own behalf because of the possibility that he would be impeached. Boone argued that if his lawyers were not deficient, he could have testified without fear of impeachment with the prior conviction.[5] To the extent that Boone is trying to assert a new substantive Sixth Amendment claim that he was denied his right to testify, he may not now amend his petition by raising new claims in his objections to the Recommendation of the Magistrate Judge. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citation omitted); *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017).

Boone also objects at length to denial of his ineffective assistance of counsel claims as they relate to counsel's failure to present alibi witnesses, Tahira Boone and KeRae Singer, as well as himself, at trial. (Doc. 30 at 35–46). The Magistrate Judge concluded that Boone had failed to demonstrate prejudice under *Strickland*, 466 U.S. at 694. Although Boone asserts that the Court must accept his claims as true because the State has not refuted his claims, (doc. 30 at 39), he cites the Court to no authority for this proposition.

---

[5] Moreover, the Magistrate Judge found that the ineffective assistance of counsel claim on this basis was procedurally defaulted, and further found that even if Boone could establish cause for the default, he could not establish prejudice because Boone "fails to demonstrate that his underlying claims are meritorious." (Doc. 27 at 40). In his objection, Boone fails to show that his trial and appellate counsel were ineffective for failing to pursue this issue because he presents no authority or applicable case law that would establish that his felony drug possession conviction could not have been introduced for impeachment purposes if he had taken the stand at trial. Because the jury at Boone's murder trial was read Boone's testimony from his first trial, and the same jury was not informed of Boone's felony drug possession conviction, under the circumstances, Boone has failed to demonstrate prejudice.

Furthermore, Boone ignores the fact that at trial, his counsel objected to the admissibility of his drug conviction, and the trial court ruled against Boone. (Doc. 11-17 at 9–20; 68–74). His objections on this basis are due to be overruled.

It is Boone's burden to "rebut[] the presumption of correctness by clear and convincing evidence," which he has failed to do. *Wood*, 558 U.S. at 293. (bracket added).  Boone repeats his arguments that counsel was ineffective but fails to demonstrate that there is a reasonable probability that the result of the trial would have been different had he, Tahira Boone and KeRae Singer testified at trial.[6]  The Court concludes that the Magistrate Judge correctly applied *Strickland*, *supra*, to Boone's claims.

In addition, this Court agrees with the conclusion of the Magistrate Judge that Boone has failed to establish cause and prejudice sufficient to allow the Court to consider his procedurally defaulted claims. (Doc. 27 at 38–42).

Finally, to the extent Boone objects to the denial of an evidentiary hearing, his objection is due to be overruled.  "An evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011) (quoting *Pugh v. Smith,* 465 F.3d 1295, 1300 (11th Cir. 2006) (internal quotation marks, citation, and alterations omitted)).  The Court concludes that under the circumstances of this case, an evidentiary hearing is unnecessary.

## CONCLUSION

Accordingly, upon an independent review of the record in this case and for good cause, it is

---

[6]  As noted, Boone's testimony from his first trial was read to the jury.  Boone has failed to demonstrate that his testimony would have differed at his second trial sufficient to establish a reasonable probability that the result of the trial would have been different.

9

ORDERED as follows that:

1.      the Petitioner's objections are OVERRULED;

2.      the Recommendation of the Magistrate Judge is ADOPTED;

3.      the petition for writ of habeas corpus is DENIED; and

4.      this case is DISMISSED with prejudice.

A separate judgment will be entered.

DONE this 15th day of September, 2021.


                          /s/ Emily C. Marks
                    EMILY C. MARKS
                    CHIEF UNITED STATES DISTRICT JUDGE