IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAOUD BOONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:15-cv-556-ECM |
| | ) | (WO) |
| CHERYL PRICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION and ORDER**

This case is pending before the Court on a remand from the Eleventh Circuit Court of Appeals. On January 5, 2022, the Eleventh Circuit remanded this action to the district court

> for the limited purpose of determining whether Daoud Boone is entitled to a reopening of the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).
>
> Boone, proceeding *pro se*, appealed from the district court's September 15, 2021 final order denying his 28 U.S.C. § 2254 petition. Boone had until October 15, 2021 to file his notice of appeal. *See* 28 U.S.C. § 2107(a) (requiring a notice of appeal within thirty days after entry of judgment); Fed. R. App. P. 4(a)(1)(A). Because Boone's notice of appeal is deemed filed on November 1, 2021, his notice of appeal is untimely. *See* Fed. R. App. P. 4(c); *see also Washing v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). However, Boone asserted in his notice of appeal that he did not receive the district court's order. Instead, Boone asserted that he learned of the order through a different individual. Accordingly, we treat Boone's late notice of appeal as a motion for reopening of time to appeal pursuant to Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6); *Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997) ("[W]hen through no fault of his own, a *pro se* litigant does not receive notice of the order from which he seeks to appeal, it

> would be unjust to deprive him of the opportunity to present his claim to this court.").
>
> On remand, the district court should determine whether Boone is eligible for and deserving of Rule 4(a)(6) relief. After it makes its determination pursuant to this limited remand, the district court shall return the record as supplemented to this Court for further proceedings.

(Doc. 50).

The Court held an evidentiary hearing on April 1, 2022. For the reasons that follow, the Court finds that Boone is not entitled to a reopening of the time to appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.

On September 15, 2021, the Court entered a memorandum opinion and order (doc. 40), and final judgment (doc. 41), dismissing Boone's petition for habeas corpus relief. Boone had until October 15, 2021, to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(i). "Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. Civ. P. 77(d)(2).

On November 1, 2021, Boone filed a *pro se* notice of appeal,[1] asserting that "he had someone call the court and they were told his petition was denied but he has yet to receive this denial as of November 1st, 2021." (Doc. 42). The Court construed Boone's notice of appeal as containing a motion for certificate of appealability and to proceed *in forma pauperis* and denied both. (Doc. 43).

---

[1] Boone delivered his notice of appeal to the prison officials on November 1, 2021. Boone's notice of appeal "is deemed filed on the date he delivered it to prison authorities." *Sanders v. United States*, 113 F.3d 184, 186 (11th Cir. 1997).

2

> Under Rule (a)(6), the district court may reopen the time to file an appeal, for a period of 14 days after the date when its order to reopen is entered, but only if: (1) the moving party did not receive notice of the order within 21 days after entry; (2) the motion is filed within 180 days after the order is entered, or within 14 days after the moving party receives notice, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

*Smith v. Sec., Dep't of Corrs.*, 2022 WL 392155 (11th Cir. Feb. 9, 2022).[2]

This Court held an evidentiary hearing on April 1, 2022, to determine when and how Boone received notice of entry of judgment in this case. At the hearing, Boone had in his possession a copy of the memorandum opinion and order and final judgment. He testified that he received the documents in the mail on December 27, 2021, while housed at Fountain Correctional Facility.

Evidence presented at the hearing demonstrates that the Clerk of the Court mailed the memorandum opinion and order and final judgment on September 15, 2021 to Boone at his address on file at Limestone Correctional Facility ("Limestone") in Harvest, Alabama. Mailroom logs show that the mail clerk at Limestone received documents addressed to Boone from the Middle District of Alabama on September 20, 2021. However, because Boone was in restrictive custody, the mail was not sent to his dormitory that day. A subsequent mail log indicates that mail addressed to Boone from the Middle District of Alabama was sent to restrictive housing for distribution on September 24, 2021. The signature page demonstrating receipt of the mail by the inmates is missing. While

---

[2] While the Court recognizes that *Smith, supra*, is an unpublished and non-binding opinion, the Court finds its analysis to be persuasive.

there is no signed log demonstrating that Boone received the documents on September 24, 2021, it is undisputed that Boone had the documents in his possession at the evidentiary hearing. Boone contends the documents were sent to him at Fountain Correctional Facility ("Fountain") in December, 2021, but he offers no explanation as to how that would have occurred. The Court record does not demonstrate that the clerk of the court sent the documents to Boone a second time or that any other piece of mail addressed to Boone was returned undelivered. Notably, in his motion for issuance of a certificate of appealability signed on November 15, 2021, (doc. 46), Boone acknowledged that he received the Court's November 8, 2021 order denying his motion to appeal *in forma pauperis*. (*Id*. at 2). Considering this evidence, and after having the opportunity to assess Boone's credibility on the witness stand, the Court finds that Boone's testimony that he did not receive the Court's orders dismissing his case in September 2021 while housed at Limestone, but instead received them on December 27, 2021 when he was housed at Fountain, is not credible.[3]

In addition, Boone testified that he received verbal notification of the dismissal of his habeas petition "around November 1, 2021" while housed at Limestone. He testified

---

[3] Boone also testified that he did not receive the Court's order setting the April 1, 2022 evidentiary hearing. The Court inquired as to how Boone knew to come to the hearing if he did not receive the order. Boone responded that his mom told him, and "they [presumably the Alabama Department of Corrections transfer agents] came to get me." However, Boone filed a motion for production of the prison mail logs on March 22, 2022, (doc. 53), indicating that he needed the documents for the evidentiary hearing. In his motion, Boone specifically states that he "was granted an evidentiary hearing scheduled on or about April 1st, 2022, for the sole purpose of deciding if Boone should be granted an out of time appeal due to his not receiving notice of appeal." (*Id*.) Nowhere in his motion did Boone assert that he had not received a copy of the Court's order setting the hearing, nor did the Court find Boone's testimony in response to the Court's inquiry credible.

that someone, either his mother or a female friend, told him over the prison telephone system that his petition was denied or dismissed. He specified that this information was relayed to him over the prison telephone he is authorized to use and not on some other telephone. However, at the evidentiary hearing, Kenneth Pierce, an investigator with the Alabama Department of Corrections, testified that he listened to all of Boone's recorded non-legal, telephone calls between September 15, 2021 and November 1, 2021. Investigator Pierce testified that he did not hear any reference in any of those telephone conversations to the denial or dismissal of Boone's petition, or mention of paperwork from the court.

The evidence before the Court demonstrates that Boone's mail from the Middle District of Alabama was actually delivered to Limestone on September 20, 2021 and was scheduled to be delivered on Boone on September 24, 2021, which was within twenty-one days of entry of judgment. Having weighed and considered the evidence and having determined that Boone's testimony was not credible, the Court finds that Boone cannot meet the first condition of Rule 4(a)(6) that he did not receive official notice within 21 days of entry of judgment. Thus, the Court concludes that reopening the appeal period under Fed. R. App. P. 4(a)(6) is not warranted as Boone has failed to establish that he did not receive timely notice of the entry of judgment from which he appeals.

Accordingly, pursuant to the directive of the Eleventh Circuit Court of Appeals remanding this case, the Court FINDS that Boone is neither eligible for nor deserving of Rule 4(a)(6) relief.

The Clerk of the Court is DIRECTED to return this case, as supplemented, to the Eleventh Circuit Court of Appeals for further proceedings.

Done this 5th day of April, 2022.

>   /s/ Emily C. Marks
> EMILY C. MARKS
> CHIEF UNITED STATES DISTRICT JUDGE